UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK NEALIS,

    Plaintiff,

v.                                             CASE NO. 3:23-cv-00623-BJD-MCR

PGA TOUR, INC.,

    Defendant.

_____/

**DEFENDANT PGA TOUR, INC.'S MOTION TO DISMISS COUNTS III AND VI OF PLAINTIFF'S AMENDED COMPLAINT, AND SUPPORTING MEMORANDUM OF LAW**

Defendant PGA TOUR, Inc. ("PGA TOUR"), by counsel, submits this Motion to Dismiss Counts III and VI of Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for the following reasons set forth more fully in the accompanying Memorandum of Law.

1.     Plaintiff Patrick Nealis ("Plaintiff"), a former PGA TOUR employee, alleges a variety of federal claims against PGA TOUR related to his employment. As relevant to this Motion, Plaintiff alleges that PGA TOUR discriminated against him due to an alleged perceived disability in violation of the Americans with

Disabilities Act of 1990, 42 USC § 12101 *et seq.* ("ADA") (Count III) and the Florida Civil Rights Act of 1992, F.S. § 760.10 *et seq.* ("FCRA") (Count VI).

2.  This Court should dismiss Plaintiff's ADA and FCRA perceived disability discrimination claims (Counts III & VI), because he failed to exhaust administrative remedies, and his Amended Complaint fails to state claims upon which relief can be granted.

WHEREFORE, PGA TOUR respectfully requests that the Court grant this Motion to Dismiss and dismiss Counts III and VI of Plaintiff's Amended Complaint with prejudice.

## MEMORANDUM OF LAW

PGA TOUR submits the following memorandum of law in support of its Motion pursuant to Local Rule 3.01(a).

### I.  BACKGROUND

#### A. Procedural Background

Plaintiff filed suit on May 23, 2023. Dkt. 1. In Counts I & V of Plaintiff's original Complaint, he alleged PGA TOUR subjected him to disparate treatment because of his religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and the Florida Civil Rights Act of 1992, F.S.

2

§ 760.10 *et seq.* ("FCRA"). In Count II, Plaintiff sought to state a claim for disparate impact under Title VII. In Counts III & VI, Plaintiff claimed that PGA TOUR retaliated against him for seeking religious accommodations in violation of Title VII and the FCRA. Finally, in Counts IV and VII, Plaintiff alleged PGA TOUR discriminated against him due to an alleged perceived disability in violation of the Americans with Disabilities Act of 1990, 42 USC § 12101 et seq. ("ADA"). On July 31, 2023, PGA TOUR moved to dismiss Counts II, IV, and VII of Plaintiff's Complaint. Dkt. 14.

On January 25, 2024, the Court granted PGA TOUR's Motion to Dismiss. Dkt. 38. It dismissed Count II of Plaintiff's Complaint (disparate impact) with prejudice for failure to exhaust administrative remedies. Dkt. 38 at 15. It dismissed Counts IV and VII (disability discrimination) without prejudice for failure to state a claim (Dkt. 38 at 15), and it noted that it was "skeptical" that Plaintiff had exhausted administrative remedies, but it said it would withhold judgment on that issue until it saw if Plaintiff would include a disability discrimination claim in an amended complaint (Dkt. 38 at 13, n. 14). Plaintiff filed his Amended Complaint

3

on March 23, 2024, and included disability discrimination claims in Count III & VI. Dkt. 40.

### B. Factual Background

As alleged in the Amended Complaint, and taken as true for the purposes of this motion only, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1944), the facts are as follows: PGA TOUR hired Plaintiff in August of 2007. Am. Compl. ¶ 1. During the COVID-19 pandemic, PGA TOUR closed its offices and initially required employees to work from home to help prevent the spread of the disease. Am. Compl. ¶¶ 26, 31. In May 2021, PGA TOUR re-opened its offices on a limited basis for employees, like Plaintiff, who wanted to come back into the office voluntarily. Am. Compl. ¶ 27. After pushing back the date several times due to workplace safety concerns, on November 1, 2021, PGA TOUR required its employees to return to the workplace. Am. Compl. ¶ 31.

PGA TOUR never implemented a vaccine mandate. Am. Compl. ¶ 32. However, PGA TOUR did determine the vaccination status of its employees to establish the health and safety protocols for employees returning to the workplace. Am. Compl. ¶¶ 33, 34. To ensure a safe workplace for all employees, PGA TOUR required all employees to comply with its COVID health and safety protocols. Am.

Compl. ¶¶ 88, 89. As part of those protocols, those employees who were not fully vaccinated were required to adhere to certain health and safety protocols, including masking and weekly testing, to help mitigate the spread of COVID-19. Am. Compl. ¶ 42. These protocols were developed based on advice from PGA TOUR's medical advisors and CDC guidance. Am. Compl. ¶¶ 61, 90. PGA TOUR informed employees that failure to follow these health and safety protocols could result in disciplinary action up to and including termination of employment. Am. Compl. ¶ 42. Additionally, employees who were not fully vaccinated could submit a religious or medical exemption request to avoid paying higher medical insurance premiums. Am. Compl. ¶ 7. Plaintiff requested and received such a religious exemption. Am. Compl. ¶¶ 46, 51. However, this exemption did not excuse employees from compliance with the health and safety protocols. Am. Compl. ¶ 51. Employees could request additional accommodations concerning the protocols, as Plaintiff did. Am. Compl. ¶¶ 45, 46.

Plaintiff sought a religious (not medical) accommodation with respect to the testing requirements for unvaccinated employees, which the PGA TOUR granted. Am. Compl. ¶¶ 45, 73. Specifically, at his request, PGA TOUR provided him with a saliva COVID test option. Am. Compl. ¶ 73. Plaintiff never complied with PGA

TOUR's testing requirements despite multiple opportunities to do so, citing privacy—not religious—concerns. Am. Compl. ¶¶ 87, 127. Plaintiff, alternatively, sought to continue working from home for an indefinite period, which PGA TOUR denied based on the requirements of his job citing undue hardship. Am. Compl. ¶¶ 93, 113, 126, 179.

PGA TOUR terminated Plaintiff's employment on November 12, 2021, because he repeatedly refused to comply with PGA TOUR health and safety protocols, even after PGA TOUR reasonably accommodated his religious beliefs by modifying the health and safety protocols based upon his request. Am. Compl. ¶¶ 73, 87.[1]

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a Amended Complaint which fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, an Amended Complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

---

[1] The Determination and the Notice of Rights attached to Plaintiff's Amended Complaint adopted the "No Reasonable Cause" finding issued by the Florida Commission on Human Relations ("FCHR") on November 18, 2022.

6

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

### III.   ARGUMENT

#### A.   Plaintiff's Claims for Perceived Disability Discrimination under the ADA and FCRA (Counts III & VI) Must be Dismissed.

Plaintiff's failure to exhaust administrative remedies, and his failure to plead the requisite elements for a perceived disability claim under the ADA and FCRA, necessarily must result in dismissal of those claims.

##### 1.   Plaintiff Failed to Exhaust Administrative Remedies for His Perceived Disability Claims. [2]

Before bringing suit for perceived disability discrimination under the ADA or the FCRA, a plaintiff must exhaust administrative remedies by filing an administrative charge alleging perceived disability discrimination.[3] *See Bell-*

---

[2] In the Court's Order dismissing Plaintiff's original Complaint, the Court noted it was "skeptical" that Nealis had exhausted administrative remedies for his perceived-disability claim. The Court said it would "revisit the exhaustion issue" if Nealis filed an amended complaint. Dkt. 38 at 13 n. 14.

[3] The FCRA is to be construed in conformity with the ADA. *Albra v. Advan, Inc.*, 490 F.3d 826, 835 (11th Cir. 2007). Accordingly, analysis of FCRA claims is identical to analysis of ADA claims, and federal case law interpreting the ADA is applicable to claims arising

*Babineaux v. Fla. Dep't of Juvenile Justice*, No. 8:12-CV-2153-T-17AEP, 2014 U.S. Dist. LEXIS 9076, at *12 (M.D. Fla. Jan. 24, 2014). Here, Plaintiff failed to do so.

Plaintiff's Charge does not mention any disability, disability discrimination, or perceived disability discrimination at all. The complete lack of disability-related allegations in the Charge alone precludes Plaintiff from making such allegations now. *Penaloza v. Target Corp.*, No. 8:11-cv-2656-T-33-AEP, 2012 U.S. Dist. LEXIS 103364, at *8 (M.D. Fla. July 25, 2012) (holding that plaintiff's disability discrimination could not grow out of a charge where there was no mention of disability, solely of pregnancy discrimination).

Tellingly, Plaintiff did not even check the box indicating that "disability/handicap" was a basis for his Charge, which courts consider further evidence of plaintiffs not fulfilling the requirement to exhaust administrative remedies. *See Jones v. Bank of Am.*, 985 F. Supp. 2d 1320, 1324 (M.D. Fla. 2013) ("The 'disability' box is not checked, and none of the allegations, including those regarding comparators, mentions disability. Thus, … the Court finds that Plaintiff failed to include a disability discrimination claim in her Charge, and thus did not exhaust her administrative prerequisites of the FCRA with respect to this claim.").

---

under the FCRA. *Reis v. Univ. City Develop. Partners, Ltd.*, 442 F. Supp. 2d 1238, 1243 (M.D.Fla. 2006).

Therefore, Plaintiff's failure to exhaust required administrative remedies for his perceived disability claims under the ADA and FCRA necessitates the dismissal of Counts IV and VII of his Amended Complaint with prejudice.[4]

### 2. Plaintiff's Amended Complaint Fails to State a Claim of Perceived-Disability Discrimination under the ADA and FCRA.

To state a "perceived" or "regarded as" disability claim, a plaintiff must allege facts to plausibly support that "he was 'regarded as' disabled, that he was a qualified individual, and that a 'covered entity' discriminated against him 'on account of' his [actual or perceived] disability.'" *Andrews v. City of Hartford*, 700 F. App'x 924, 926 (11th Cir. 2017). Here, Plaintiff fails to allege any facts supporting his conclusory allegations that PGA TOUR regarded him as disabled.

In his original Complaint, Plaintiff claimed PGA TOUR perceived him as disabled because it considered him to be "susceptible to Covid-19 and a Covid-19 transmitter." Compl. ¶¶ 184–87, 210–14. The Court dismissed Plaintiff's perceived disability claims and noted that "it seems unlikely that … Nealis can overcome

---

[4] Plaintiff's failure to exhaust administrative remedies must result in dismissal with prejudice, as Plaintiff's claims are now time-barred due to his failure to timely raise them with the EEOC. *Humphrey v. Napolitano*, No. 11-20651-CIV-LENARD/O'SULLIVAN, 2011 U.S. Dist. LEXIS 110923, at *12-13 (S.D. Fla. Sep. 28, 2011) (citing *Andrews-Willmann v. Paulson*, 287 F. App'x 741 (11th Cir. 2008)); *see also Bryant v. Rich*, 530 F.3d 1368, 1375 n.11 (11th Cir. 2008).

9

this pleading deficiency…." Dkt. 38 at 14. The Court allowed Plaintiff to file an Amended Complaint as to these two counts but only if there was "a good faith basis to do so." Dkt. 38 at 15.

Despite that warning, Plaintiff filed an Amended Complaint without a good faith basis. In his Amended Complaint, Plaintiff alleges PGA TOUR considered him to "be a transmitter of Covid-19" or "otherwise able to infect others" Am. Compl. ¶¶ 158; 186; 188. The Court has already ruled that his allegation that PGA TOUR considered him to "be a transmitter of Covid-19" cannot form the basis for a perceived-disability claim (Dkt. 39 at 13–14), and thus including that allegation again—in direct contravention of this Court's ruling—is in bad faith. *See also Apuzza v. NYU Langone Long Island*, No. 222CV7519NJCJMW, 2023 WL 9022790, at *3 (E.D.N.Y. Dec. 29, 2023) (holding that "having an on-going condition of contagiousness" does not form the basis for a perceived-disability claim); *Chancey v. BASF*, No. 23-40032, 2023 WL 6598065, at *2 (5th Cir. Oct. 10, 2023), cert. denied, No. 23-758, 2024 WL 1143685 (U.S. Mar. 18, 2024) ("[M]erely being at risk of developing a condition is insufficient to state a disability-discrimination claim under the ADA.").

10

Nor does Plaintiff cure his pleading deficiency by alleging that PGA TOUR regarded him as disabled because it perceived him "to have…Covid-19" or be "presently infectious." Am. Compl. ¶¶ 158; 186; 188. Courts, including in this district, have clearly held that "being infected with COVID-19, standing alone, does not meet the ADA's definitions of disability or impairment." *McCone v. Exela Techs., Inc.*, No. 6:21-CV-912-CEM-DCI, 2022 WL 801772, at *4 (M.D. Fla. Jan. 14, 2022). Indeed, individuals are not "disabled" when they have conditions that are "transitory and minor," or conditions with an actual or expected duration of six months or less. 42 U.S.C. § 12102(3)(B). Thus, "Federal courts generally agree that a COVID-19 infection is not a disability." *Lundstrom v. Contra Costa Health Services*, No. 22-CV-6227, 2022 WL 17330842 at *5 (N.D. Cal. Nov. 29, 2022) (collecting cases).

As having COVID-19 is not a disability under the ADA, being perceived as having COVID-19 cannot form the basis for a disability claim. *Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 22CV2936AMDJRC, 2023 WL 2163774, at *6 (E.D.N.Y. Feb. 22, 2023), motion for relief from judgment denied, No. 22CV2936AMDJRC, 2023 WL 3159233 (E.D.N.Y. Apr. 28, 2023) ("To the extent that the plaintiff means to argue that the defendant regarded her as disabled because it regarded her as

11

having COVID-19, that claim also fails."); *Thompson v. City of Tualatin*, No. 21-cv-01587-MO, 2022 WL 742682, at *2 (D. Or. Mar. 11, 2022) (holding that being perceived as having COVID-19 is not a cognizable disability under the ADA because most COVID-19 cases last fewer than twenty days); *Payne v. Woods Servs.*, 520 F. Supp. 3d 670, 679 (E.D. Pa. 2021) (finding that a plaintiff alleging that he was discriminated against based on a COVID-19 diagnosis, without any facts regarding his symptoms or impairments failed to plausibly allege "that he was 'regarded as' disabled"). A contrary conclusion "would mean that every person in the United States who was (or who may be) sent home upon feeling sick during this pandemic, or was asked to stay home once testing positive or being exposed to COVID-19, would be disabled for the purposes of the ADA and every such employer covered by the ADA potentially liable." *Champion v. Mannington Mills, Inc.*, 538 F.Supp.3d 1344, 1350 (M.D. Ga. May 10, 2021) ("Just because [Defendant] followed the relevant public health guidance when it sent [Plaintiff] home from work due to his possible COVID-19 infection and required him to stay home for an unspecified period of time does not mean [Defendant] regarded him as disabled."); *see also Rice v. Guardian Asset Management, Inc.*, 2021 WL 4354183, at *3 (N.D. Ala. Aug. 19, 2021) ("While [Plaintiff] may disagree with [Defendant's]

decision to send her home to quarantine and to request a negative [COVID-19] test before she could return, following public health protocols does not establish that [Defendant] regarded her as disabled.").

Even if being regarded as having COVID-19 could form the basis for a perceived-disability claim, which it cannot, Plaintiff provides no plausible support for the allegation that PGA TOUR believed he had COVID-19. He claims PGA TOUR's perception is "evidenced by its conditioning his continued employment on the overbearing and onerous testing regime it required him to follow." Am. Compl. ¶¶ 159, 187. But he also alleges that PGA TOUR required *all* of its unvaccinated employees "to comply with new safety protocols." Am. Compl. ¶ 4. Thus, the fact that Nealis had to follow safety protocols provides no support for the notion that PGA TOUR believed he had COVID-19. *See Sharikov v. Philips Med. Sys. MR, Inc.*, 659 F. Supp. 3d 264, 279 (N.D.N.Y. 2023) (dismissing claim that employee was "regarded as having an impairment" simply because the employee was "subject to COVID-19 vaccination policies"). Rather, it simply reflects that he had not received a COVID-19 vaccination, which is not a protected status,[5] and

---

[5] *Gage v. Mayo Clinic*, No. CV-22-02091-PHX-SMM, 2023 WL 3230986, at *2 (D. Ariz. May 3, 2023) ("[T]hose who have not been vaccinated against COVID-19 are not a 'protected group' under Title VII.").

does not constitute a perceived disability. *See, e.g., Mone v. New York State Unified Ct. Sys.*, No. 21 CV 6914 (DG)(LB), 2023 WL 4424093, at *9 (E.D.N.Y. Mar. 22, 2023), report and recommendation adopted, No. 21CV06914DGLB, 2023 WL 4073770 (E.D.N.Y. June 20, 2023) ("That an employer requires an employee to follow generally applicable COVID-19 safety rules and enforces those policies when an employee fails to comply does not, without more, support the inference that the employer regards the employee as disabled."); *Linne v. Alameda Health Sys.*, No. 22-CV-04981-RS, 2023 WL 375687, at *2 (N.D. Cal. Jan. 24, 2023) ("Plaintiff is mistaken, however, in her belief that COVID precautions instituted to protect public health translate into a belief or perception that all people are disabled."); *Speaks v. Health Sys. Mgmt., Inc.*, No. 522CV00077KDBDCK, 2022 WL 3448649, at *5 (W.D.N.C. Aug. 17, 2022) (finding "no plausible basis to conclude that Health Systems regarded Speaks as having a 'physical or mental impairment,'" where the company "only regarded Speaks as being required—like all of its employees—to obtain a COVID-19 vaccine or be approved for an exemption"). Therefore, Plaintiff has not cured his original pleading deficiency, and Plaintiff's perceived-disability claims must be dismissed once again for failure to state a cause of action pursuant to FRCP 12(b)(6).

## IV.   **CONCLUSION**

PGA TOUR respectfully requests that the Court grant this Motion and dismiss Counts III and VI of Plaintiff's Amended Complaint with prejudice for the reasons set forth above.

Dated this 22nd day of March 2024.

                                                                                                                       McGuireWoods LLP

                                                                        */s/ Thomas R. Brice*
                                                                        Thomas R. Brice
                                                                        Florida Bar No. 0018139
                                                                        tbrice@mcguirewoods.com
                                                                        Cameron G. Kynes
                                                                        Florida Bar No. 0116711
                                                                        ckynes@mcguirewoods.com
                                                                        50 North Laura Street, Suite 3300
                                                                        Jacksonville, Florida 32202
                                                                        Telephone: (904) 798-2629
                                                                        Facsimile: (904) 360-6335

                                                                        *Attorneys for PGA TOUR, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 22, 2024, a true copy of the foregoing was filed with the Court using the CM/ECF system, which will send notice to the following:

Marie A. Mattox, Esq.
Katherine Lanier Viker, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
marie@mattoxlaw.com
katherine@mattoxlaw.com

*Attorneys for Plaintiff*

/s/ Thomas R. Brice
Attorney

16