UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK NEALIS,

    Plaintiff,

v.

                                    Case No. 3:23-cv-623-TJC-MCR

PGA TOUR, INC.,

    Defendant.

## ORDER

This case is before the Court on Defendant PGA Tour, Inc.'s Motion to Dismiss Counts III and VI of Plaintiff's Amended Complaint. Doc. 41. Plaintiff Patrick Nealis filed his response. Doc. 42.

Nealis is suing PGA, his former employer, alleging his termination in November 2021 was improper. Doc. 40. Pertinent here, Nealis alleges he was terminated based on a perceived disability because he had not been vaccinated for COVID-19, in violation of the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act (FCRA").[1] Id.

PGA previously sought to dismiss these two claims for failure to exhaust administrative remedies and failure to state a claim. Doc. 14. As explained in

---

[1] "[D]isability-discrimination claims under the FCRA are analyzed using the same framework as ADA claims." Holly v. Clairson Indus., LLC, 492 F.3d 1247, 1255 (11th Cir. 2007).

its Order of January 25, 2024, the Court dismissed Nealis's ADA claims and FCRA perceived disability claims without prejudice for failure to state a claim. Doc. 38. In its prior Order, the Court expressed skepticism about whether Nealis had exhausted administrative remedies with regards to the ADA and related FCRA claim. Doc. 38 at 13 n.14. The Court thought it unlikely Nealis could overcome the pleading deficiency, but allowed Nealis to file an Amended Complaint as to these counts if there was a good faith basis to do so. Id. at 13–16. Nealis filed an Amended Complaint relying on almost the same factual allegations but also claiming he was perceived as being actively infectious due to COVID-19. Doc. 40 ¶¶ 159–60, 186–88.

For his ADA and FCRA claims, Nealis alleges he was perceived as disabled based on susceptibility to COVID-19 because he was unvaccinated and because he was perceived as actually having COVID-19. Doc. 40 ¶¶ 159–60, 186–88. Under either scenario, he has failed to exhaust administrative remedies.

To bring claims under the ADA or FCRA, a plaintiff must exhaust administrative remedies by filing an administrative charge. See Gregory v. Ga. Dep't of Hum. Res., 355 F.3d 1277, 1279–80 (11th Cir. 2004). Judicial claims are limited by the scope of the underlying administrative charge.[2] See Batson

---

[2] Courts may take judicial notice of an EEOC charge without converting a motion to dismiss to a motion for summary judgment because the charge is

v. Salvation Army, 897 F.3d 1320, 1327 (11th Cir. 2018); Gregory, 355 F.3d at 1279–80.

"To determine whether a plaintiff has exhausted [his] administrative remedies, . . . the proper inquiry is whether the plaintiff's complaint is like or related to, or grew out of, the allegations contained in the EEOC charge.'" Batson, 897 F.3d at 1328 (cleaned up). In making this determination, courts typically consider the following: (i) types of discrimination identified ("is the box checked?"); (ii) types of discrimination described in charge particulars (regardless of legal label); and (iii) dates of discrimination. See generally id.

Nealis did not check the box for disability discrimination on his EEOC charge. See Doc. 19-1. The charge description identifies the ADA but does not mention any disability or perceived disability. Id. Instead, the charge alleges Nealis was terminated for failing to comply with PGA's "health and safety protocols" and alleges different treatment for unvaccinated employees and different treatment between people requesting medical versus religious exemptions. Id. As a matter of law, Nealis failed to exhaust his administrative remedies with regards to his claims of perceived disability under the ADA or FCRA. See Ramon v. AT&T Broadband, 195 F. App'x 860, 863, 866 (11th Cir.

---

part of the EEOC's administrative record and not subject to reasonable dispute. See Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010). Nealis provided the charge. Doc. 19-1.

2006) (affirming summary judgment for failure to exhaust administrative remedies as to retaliation claim even though termination was mentioned in charge because the retaliation box was not checked and the charge particulars did not support an inference of retaliation).[3]

To the extent Counts III and VI allege "perceived as" claims based on Nealis being unvaccinated, they also fail to state a claim for the reasons identified by the Court in its prior Order. Doc. 38 at 13–14.

Accordingly, it is hereby

**ORDERED:**

1. Defendant PGA Tour, Inc.'s Motion to Dismiss Counts III and VI of Plaintiff's Amended Complaint, Doc. 41, is **GRANTED**. Counts III and VI are **DISMISSED with prejudice**.[4]

2. Defendant shall answer the remaining counts of the Amended Complaint no later than **May 1, 2024**.

3. Defendant's Unopposed Motion for Leave to File a Reply, Doc. 43, is **DENIED** as moot.

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022).

[4] Further amendment as to these counts would be futile.

4

**DONE AND ORDERED** in Jacksonville, Florida, the 10th day of April, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

ddw
Copies:

Counsel of record