## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

PATRICK NEALIS,

      Plaintiff,

                                        Case No. 3:23-cv-623-TJC-MCR

v.

PGA TOUR, INC.,

      Defendant.

_____

## O R D E R

**THIS CASE** is before the Court on Defendant's Motion to Quash Subpoenas for Depositions of Apex Executives and for Protective Order, Doc. 46, and other pending motions. The Court previously stayed the depositions in order to allow the matter to be fully briefed. Plaintiff has now responded, Doc. 50; Defendant filed a reply, Doc. 55; and the matter is ripe.

The motion to quash objects to requests to depose PGA Commissioner Jay Monahan and the PGA's Chief Legal Officer and Executive Vice President Neera Shetty. The motion is granted as to Commissioner Monahan based on the apex doctrine and because there was no evidence Monahan was directly involved in decisions regarding the Plaintiff, Patrick Nealis.

Shetty is also a high-ranking PGA official, its Chief Legal Officer. However, because Shetty was directly involved in communication with Nealis

and is an attorney for the PGA, the analysis involves additional scrutiny. <u>See</u> <u>Axiom Worldwide, Inc. v. HTRD Grp. Hong Kong Ltd.</u>, No. 8:11-CV-1468-T-33TBM, 2013 WL 230241, at *3 (M.D. Fla. Jan. 22, 2013). The party seeking an attorney's deposition must show: (1) no other means exists to obtain the information; (2) the information sought is relevant and non-privileged; (3) the information is crucial to the preparation of the case; and (4) the needs of the party seeking the deposition outweigh the dangers of deposing the opposing party's attorney. <u>Id.</u>

As to the <u>Axiom</u> factors, Shetty had direct communications with Nealis regarding his work situation. Even though others were copied, at least two emails (or two parts of the chain) show Shetty as the author. While Shetty may be in the best position to address her direct communications with Nealis, which are non-privileged, Nealis has not met his burden to show the information is critical to the case and his needs outweigh the potential infringement of attorney-client privilege if the deposition goes forward.

Both communications from Shetty occur in the same email chain, which includes two other PGA employees, Michelle Corse and Jennifer Fasig. Most of the PGA's communication in the email chain is from either Corse or Fasig, both of whom were deposed by Nealis. Nealis has not claimed that either Corse or Fasig failed to answer questions, crucial to the preparation of the case, which can likely be answered by Shetty.

Moreover, the portions of the email chain authored by Shetty do not obviously raise critical issues about the case and Nealis has not identified any such critical issues. Doc. 50-3. Shetty's first response is because Nealis states: "I still request to hear from @Neera regarding the OSHA requirement." Shetty responds with general information about OSHA and its impact on PGA protocols, but the response is not specific to Nealis' circumstances. Shetty's second response contains general information and how it impacts Nealis' situation. The email fails to show that Shetty has crucial information about the case, not available by other means. Plaintiff has simply not shown a need to depose PGA's Chief Legal Officer, who is directly involved in the defense of this case. [1]

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Quash Subpoenas for Depositions of Apex Executives and for Protective Order, Doc. 46, is **Granted**. Defendant's request for fees is **Denied**.

2. Plaintiff's Opposed Motion to Extend the Discovery Deadline, Doc. 52, is **Denied** as moot.

---

[1] The Court's decision presumes that the PGA does not intend to call Shetty as a witness at trial.

3. Defendant's Unopposed Motion for Extension of the Dispositive Motion and Mediation Deadlines, Doc. 57, is **Granted.** The deadline for dispositive motions is extended until **July 12, 2024**. The deadline for mediation is extended until twenty-one days after summary judgment briefing is complete. All other deadlines of the Case Management and Scheduling Order, Doc. 28, remain in effect.

**DONE AND ORDERED** in Jacksonville, Florida the 24th day of June, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

ddw
Copies:

Counsel of record